# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. NESMITH, ) | |
| ) | Civil Action No. 11 - 425 |
| Plaintiff, ) | |
| ) | District Judge Terrence F. McVerry |
| v. ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| SOUTHERN HEALTH PARTNERS, ) | |
| et al ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 17) be granted and that Plaintiff's Complaint (ECF. No. 3) be dismissed.

**II. REPORT**

On March 31, 2011, Plaintiff, Richard A. Nesmeth, commenced this action under 42 U.S.C. § 1983 (ECF No. 3) alleging violations of his constitutional rights stemming from his incarceration in the Beaver County Jail. Plaintiff named as Defendants Southern Health Partners and Beth Harris (identified as "Beth" in the Complaint). Plaintiff filed a supplement to his Complaint on May 5, 2011. (ECF No. 7-1, 7-2.)

On July 5, 2011, Defendants filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 17) and a brief in support of the Motion to Dismiss (ECF No. 18). Plaintiff filed a Response to Defendants' Motion to Dismiss (ECF No. 19) on July 12, 2011.

## A. Standard of Review

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. Id. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary

judgment. Spruill v. Gills, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### B. Plaintiff's Allegations

Plaintiff claims that Defendants failed to provide him with proper medical care and attention during the time he was incarcerated at the Beaver County Jail. Specifically, Plaintiff alleges that upon his arrival at the jail in August 2010, he informed Defendant Beth Harris that he suffered from chronic sleep apnea and lower back pain.[1] (ECF No. 3 at 2.) He contends that

---

[1] Plaintiff also asserts that he informed Defendant Beth Harris that he had previously suffered a heart attack as well. (ECF No. 3 at 2.) However, with the exception of some conclusory statements regarding some chest pain he experienced due to his sleep apnea condition, Plaintiff fails to allege any facts in his Complaint that would support any kind of constitutional violation in connection with his heart attack.

he was denied proper medical treatment for the pain in his lower back, namely an MRI, and denied timely access to his breathing machine to aid with his sleep apnea.

First, Plaintiff alleges that he suffers from lower back pain because he had three discs removed from his back. (ECF No. 3 at 2.) He states that prior to entering the Beaver County Jail he received on-going pain management from his doctor. (ECF No. 3 at 2.) According to Plaintiff, Defendant Beth Harris would give him the "run around" and not allow him to see the doctor every time he put in a medical request or sick call slip for his lower back pain. (ECF No. 3 at 2, 4.) Specifically, Plaintiff asserts that he put in a medical request slip into Defendant Beth Harris on January 5, 2011, stating that he needed an MRI, but he received no response to the request. (ECF No. 3 at 4.) Plaintiff claims that he started experiencing numbness in his arms, hands, legs and feet on March 18, 2011, and requested to see a nurse the following day. (ECF No. 7-2 at 19.) Plaintiff was seen by a nurse and later seen by medical on March 24, 2011, at which time an x-ray was ordered of Plaintiff's neck. (ECF No. 7-2 at 19-20.) Plaintiff, however, refused the x-ray because he felt that it would not address what he believed to be the main problem, the pain in his lower back. (ECF No. 7-2 at 19-20.)

Plaintiff also alleges that Defendants failed to provide him with his sleep apnea breathing machine in a timely fashion. (ECF No. 7-2.) According to Plaintiff, his sleep doctor faxed in the necessary paperwork regarding his sleep apnea condition and the jail received his breathing machine on December 28, 2010. (ECF No. 7-2 at 3.) Plaintiff states, however, that despite numerous requests his machine remained in Defendant Beth Harris' office until February 11, 2011. (ECF No. 7-2 at 2-3, 5, 7, 10, 12.)

## C. Defendant's Motion to Dismiss

In support of dismissal, Defendants assert that: (1) Plaintiff has failed to state a claim for a violation of his constitutional rights; and (2) Plaintiff's cause of action against Defendant Southern Health Partners should be dismissed because it is premised under a theory of vicarious liability. (ECF No. 18.)

1. <u>No Violation of Constitutional Right</u>

Defendants contend that Plaintiff fails to demonstrate deliberate indifference to a serious medical condition. The Eighth Amendment mandates that prisoners receive access to basic medical treatment. *See* <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). In order for a prisoner to state a claim under § 1983 for the denial of medical care, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Id</u>. at 106. Therefore, a prisoner must demonstrate: (1) deliberate indifference by prison officials to (2) a serious medical need. <u>Id</u>. at 106; <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir. 1987).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." <u>Reynolds v. Wagner</u>, 936 F.Supp. 1216, 1224 (E.D. Pa. 1996) (citations omitted). The seriousness of an inmate's medical needs may also be accessed where denial or delay of medical treatment "cause[d] an inmate to suffer life-long handicap or permanent loss." <u>Monmouth Country Correctional Institutional Inmates</u>, 834 F.2d at 347. If the "unnecessary and wanton infliction of pain" results from the denial or delay of adequate medical care, "the medical need is of the serious nature contemplated by the Eighth Amendment." <u>Estelle</u>, 429 U.S. at 103.

Deliberate indifference is more than inadvertent failure to provide adequate medical care and is characterized by "obduracy and wantonness." Whitley v. Albers, 475 U.S. 312, 319 (1986); *see also* Estelle, 429 U.S. at 105 (noting that "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind'"). Additionally, deliberate indifference is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, the Court of Appeals for the Third Circuit has recognized that "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napolean, 897 F.2d 103, 110 (3d Cir. 1990).

However, the Third Circuit has found deliberate indifference in circumstances which include where prison officials (1) deny reasonable requests for medical treatment exposing the inmate to "undue suffering or the threat of tangible residual injury"; (2) knowingly and intentionally refuse to provide the inmate with necessary medical care; (3) erect arbitrary and burdensome procedures that result in intermediate delays and outright denials of medical care to suffering inmates; (4) opt for easier and less efficacious treatment of the inmate's condition; and (5) prevent an inmate from receiving recommended treatment of serious medical needs or deny access to a physician capable of evaluating the need for such treatment. *See* Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993) (citing Monmouth County Correctional Instutional Inmates, 834 F.2d at 346-47).

In the instant case, Plaintiff has failed to establish a set of facts that demonstrate that Defendants violated his constitutional right to adequate medical treatment. Plaintiff's allegations fail to establish that Defendants were deliberately indifferent to his serious medical needs. With regard to Plaintiff's sleep apnea condition, Plaintiff's claim of deliberate indifference relates to

the delay he faced in receiving his breathing machine. Even if the Court were to assume that Plaintiff's sleep apnea was a serious medical condition requiring the treatment he states he did not receive, namely his breathing machine, all Plaintiff has complained of is a delay in receiving such treatment. Where a prisoner alleges delay in receiving medical treatment, he must show that the delay led to further harm. *See*, *e.g.*, Brooks v. Kyler, 204 F.3d 102, 105 n.4 (3d Cir. 2000) (The prisoner-plaintiff "presented no evidence of any harm resulting from a delay in medical treatment.") Although Plaintiff states that he did not sleep well due to his sleep apnea and would occasionally wake up with headaches and chest pain, there is no allegation of substantial harm caused by the delay in receiving his machine. Furthermore, there is no allegation that Defendants specifically acted with the intention of delaying his treatment. While Plaintiff alleges that Defendant Beth Harris kept his breathing machine in her office for a month-and-a-half,[2] he acknowledges that Defendant had to first do a medical check with Plaintiff's sleep doctor regarding his sleep apnea condition and verify that it was in fact his machine before they could provide him with it. *See* ECF No. 7-2 at 5, 19 at 2. As such, Plaintiff has failed to establish that Defendant Beth Harris was acting with deliberate indifference to his medical needs simply by following proper jail protocol before providing him with his machine.

With regard to Plaintiff's lower back pain, Plaintiff was not denied medical care but rather disagreed with the particulars of the care he received. Plaintiff admits that he was provided with aspirin but refused to take the pain reliever medication after three months because he believed his condition required more serious medical attention. (ECF No. 19 at 2.) Plaintiff also admits that he was provided with an extra mattress for his back and given a wheel chair to use when he

---

[2] In Plaintiff's response to Defendants' Motion to Dismiss, Plaintiff states that his breathing machine remained in the Defendant's office for four months. (ECF No. 19 at 2.) However, he states several times in the supplement to his complaint that Defendant received the machine on December 28, 2010, (ECF No. 7-2 at 3, 5, 10), and he was provided with the machine on February 11, 2011 (ECF No. 7-2 at 12).

was experiencing pain. (ECF No. 3 at 4.) Additionally, Plaintiff admits that he was taken to medical after he complained of numbness but refused the x-ray of his neck because he did not believe it would address his back pain or be as beneficial as an MRI. (ECF No. 7-2 at 20, 19 at 2.) Plaintiff's belief that the care he received was inadequate is insufficient to support an Eighth Amendment violation. *See* Monmouth County Correctional Institutional Inmates, 834 F.2d at 346 (mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim); *see also* White, 897 F.2d at 108-10 (medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider).

Viewing the facts in the light most favorable to Plaintiff, he has failed to assert a claim upon which relief may be granted against Defendants in connection with the medical care he received at the Beaver County Jail.

2. Vicarious Liability

Defendant Southern Health Partners has moved to dismiss the complaint on the grounds that it is improperly premised upon vicarious liability and Plaintiff has failed to show how a policy or procedure of Southern Health Partners caused a constitutional violation. (ECF No. 18 at 3.)

A "defendant in a civil rights action must have personal involvement in the alleged wrong; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Southern Health Partners is the corporate medical provider of Beaver County Jail. As a corporate medical provider, Southern Health Providers cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability unless "it knew of and acquiesced in the deprivation of the plaintiff's rights." Monell v. New York City Dept. of Sec. Serv., 436 U.S. 658, 694-95 (1978).

To meet this burden with respect to a private corporation, the plaintiff must show that the corporation, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused constitutional harm." Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989). Plaintiff has not alleged that Defendant Southern Health Partners had a policy or practice that caused him harm nor has he alleged that Defendant Southern Health Partners knew of or acquiesced in the utilization of a policy or practice that presented a substantial risk of harm. In fact, the Complaint demonstrates that Plaintiff was assessed by medical personnel after complaints of pain, provided medication and access to diagnostic testing which he refused, and provided access to his breathing machine once the medical check had cleared. As such, Plaintiff has failed to demonstrate a cause of action against Defendant Southern Health Partners.

### III.  CONCLUSION

The Third Circuit has held that, even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to Rule 12(b)(6) dismissal, a court must permit a curative amendment unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). In this instant case, amendment to the Complaint would in fact be futile. Therefore, for the reasons set forth above, it is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 17) be granted and that Plaintiff's Complaint be dismissed with prejudice.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B)&(C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen

(14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

Dated: January 10, 2012

                                              Lisa Pupo Lenihan
                                              Chief United States Magistrate Judge

cc: Richard A. Nesmith
    52 Bridge Street
    Beaver Falls, PA 15010

    Counsel of record.